UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. KATHY CLEMENTS,

    Plaintiff,

v.                                  Case No. 8:13-cv-1096-T-33EAJ

DSM SUPPLY LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court in consideration of Plaintiff Dr. Kathy Clements's Motion for Default Judgment (Doc. # 24) filed on January 23, 2014. For the reasons that follow, the Court grants the Motion.

**I.   Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Discussion

On April 24, 2013, Clements filed a single-count Complaint against Defendant DSM Supply LLC for "violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq." (Doc. # 1 at 1).

The relevant portion of the TCPA provides:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States . . . .

> (C) to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless—

>> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
>
> (ii) the sender obtained the number of the telephone facsimile machine through–
>
>> (I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or
>
>> (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution . . . ; and
>
> (iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D) . . . .

47 U.S.C. § 227(b)(1)(C).

Among other allegations, Clements claims that DSM Supply "sent Plaintiff's office approximately one hundred (100) facsimiles since September 2011, in an attempt to solicit business" despite Clements's numerous requests to be removed from DSM Supply's fax solicitation list. (Doc. # 1 at 2). Clements additionally alleges that "Defendant willfully and/or knowingly violated the TCPA." (Id. at 3).

3

On August 28, 2013, Clements filed a purported return of service executed as to DSM Supply. (Doc. # 11). DSM Supply failed to file a responsive pleading, and Clements moved for an entry of Clerk's default on October 4, 2013. (Doc. # 12). The Clerk accordingly entered default against DSM Supply on October 7, 2013. (Doc. # 13). On November 6, 2013, Clements filed a motion for default judgment. (Doc. # 14).

Upon evaluating the November 6, 2013, motion, the Court concluded that Clements had failed to demonstrate proper execution of service as to DSM Supply. (Doc. # 16). In an Order dated December 2, 2013, the Court denied without prejudice the motion for default judgment and directed Clements to file a renewed motion accompanied by a short brief demonstrating the appropriateness of Clements's method of service under the circumstances of this case. (Id. at 3).

On December 13, 2013, in lieu of filing a brief explaining why the allegedly executed service was proper, Clements filed a motion seeking an extended opportunity to effect service. (Doc. # 18). The Court granted the motion (Doc. # 19), and on December 23, 2013, Clements filed a return of service reflecting that Clements effected service

of process on DSM Supply on December 12, 2013 (Doc. # 20). DSM Supply again failed to file a responsive pleading, and Clements moved for an entry of Clerk's default on January 3, 2014. (Doc. # 21). On January 6, 2014, the Court vacated the October 7, 2013, Clerk's entry of default and filed a renewed entry of default in light of DSM Supply's failure to respond. (Doc. ## 22, 23).

Based upon the Clerk's entry of default, the well-pled factual allegations contained in the Complaint, the affidavit filed in support of Clements's Motion for Default Judgment (Clements Aff. Doc. # 24-1 at 2), and the Motion itself, the Court determines that the Motion is due to be granted and further determines that a hearing on this matter is not needed.

With regard to damages available for a violation of the statute, the TCPA provides in relevant part:

> (3)  Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . .
>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . . .
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the

>regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

Clements requests an award of statutory damages in the amount of $54,500.00, representing 13 faxes received prior to Clements's written request to cease the faxes at $500.00 each (13 faxes X $500.00 = $6,500.00) plus 32 faxes received after her written request to cease the faxes at $1,500.00 each (32 faxes X $1,500.00 = $48,000.00). The Court finds this calculation to be appropriate. See Tacoronte v. Tate & Kirlin Assocs., No. 6:13-cv-331-Orl-37DAB, 2013 WL 5970720, at *8 (M.D. Fla. Nov. 8, 2013) (finding $11,000, representing "$500 for the first call and $1,500 each for seven additional willful telephone calls," to be an appropriate award in light of the defendant's willful or knowing failure to comply with the TCPA).

This amount is capable of accurate and ready mathematical computation or ascertainment from the affidavit and other exhibits filed by Clements. Specifically, Clements herself provided an affidavit in which she stated that she has "proof of exactly forty-five (45) facsimiles, of which thirty-[two] (32) facsimiles were

6

received after I had sent a written request to cease contacting me on October 21, 2011." (Clements Aff. Doc. # 24-1 at 3). Clements attached the forty-five facsimiles at issue as exhibits to her affidavit. (Id.).

The Court accordingly directs the Clerk to enter a final default judgment against DSM Supply and in favor of Clements in the amount of $54,500.00.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Dr. Kathy Clements's Motion for Default Judgment (Doc. # 24) is **GRANTED.**

(2) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $54,500.00, and thereafter to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

7